## AMERICAN STEEL FOUNDRIES v. CHICAGO, R. I. & P. RY. CO.

### In re HIDDEN et al.

#### (District Court, S. D. New York.    November 24, 1915.)

RECEIVERS ⬦⟿206—ANCILLARY RECEIVER—ORDER APPOINTING—INJUNCTION.
> An order appointing an ancillary receiver, which contained the usual clause restraining the defendant and other persons from interfering with, attaching, levying on, or in any manner disturbing the claims, choses in action, and causes of action of the defendant, or from taking possession of, or in any way assuming control of, said claims, choses in action, or causes of action, does not prevent the prosecution of a suit theretofore instituted by stockholders of the defendant corporation against it and others.

> [Ed. Note.—For other cases, see Receivers, Cent. Dig. § 410; Dec. Dig. ⬦⟿206.]

In Equity.    Suit by the American Steel Foundries against the Chicago, Rock Island & Pacific Railway Company.    On petition of Frances E. Hidden and another for a modification of the order previously entered appointing an ancillary receiver.    Petition denied.

On April 20, 1915, the District Court of the United States for the Northern District of Illinois, Eastern Division, made its order appointing receivers of defendant company, and on April 24, 1915, made another order appointing one of the receivers as sole receiver of certain claims and choses in action. Thereafter an application in ancillary proceedings was made to the District Court for the Southern District of New York, and this court, on September 18, 1915, made the usual ancillary order.    In that order was the usual injunction clause enjoining the railway company, its officers, etc., "and all other persons whomsoever,  *  *  *  from interfering with, attaching, levying upon,

or in any manner whatsoever disturbing the claims, choses in action, and causes of action of the said defendant railway company, * * * or any of the property and premises of the defendant railway company, * * * or from taking possession of, or in any way assuming a control of, or from interfering with, the said claims, choses in action, causes of action, or any other property or premises, or any part thereof."

The petition of Frances E. Hidden and Sadie E. Hidden sets forth that each of said persons is the holder of certain shares of stock of defendant company, and that in November and December, 1914, actions were commenced by said Hiddens, respectively, against defendant and others; and petitioners ask that the order appointing the ancillary receiver be modified, by striking out from the same so much as purports to confer upon the ancillary receiver exclusive authority to prosecute certain claims, and by striking out so much of the order as purports to enjoin all persons except the railway company, its officers, etc., and by striking out so much as enjoins petitioners.

Roger Foster, of New York City, for the motion.

Spooner & Cotton and Lewis L. Delafield, all of New York City, opposed.

MAYER, District Judge (after stating the facts as above). The application is to modify an order appointing an ancillary receiver of the Chicago, Rock Island & Pacific Railway Company. The order was made by another judge, but this application has been referred by him to me.

The order is not to be construed as preventing the prosecution of the Hidden actions in the New York Supreme Court and the obtaining of such relief therein as may be lawful and proper, and I need not now speculate as to the effect of possible judgments on property in the possession of a receiver appointed by this court. The original order herein made was properly made, and I see no cause for or need of modification.

Motion denied, and settle order on one day's notice.